Filed 12/14/21  P. v. Kim CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DUY Q. KIM,<br><br>    Defendant and Appellant. | G059317<br><br>(Super. Ct. No. 11WF0955)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Duy Q. Kim was charged with, inter alia, murder, and pled guilty to voluntary manslaughter. When defendant filed a resentencing petition pursuant to Penal Code section 1170.95,[1] the trial court denied it because section 1170.95, by its terms, only applied to individuals convicted of murder. Section 1170.95 has since been amended and, after January 1, 2022, will also apply to those convicted of voluntary manslaughter.

In the interests of judicial economy and justice, we will remand this matter to the trial court for further proceedings to be conducted after January 1, 2022.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In October 2012, defendant was charged in an information with murder (§ 187, subd. (a) [count 1]); attempted murder (§§ 187, subd. (a), 664, subd. (a) [count 2]); shooting at an occupied motor vehicle (§ 246 [count 3]); possession for sale of a controlled substance (Health & Saf. Code, § 11378 [count 4]); and street terrorism (§ 186.22, subd. (a) [count 5]). The information alleged as to counts 1 through 3 that (1) defendant was vicariously liable as a principal, and that during their commission another principal had intentionally discharged a firearm, proximately causing great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)) and (2) defendant had committed those offenses for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by members of that gang (§ 186.22, subd. (b)(1)). The information was later amended to allege one count of voluntary manslaughter against defendant (§ 192, subd. (a) [count 7]), with an attendant criminal gang sentencing enhancement allegation (§ 186.22, subd. (b)(1)).

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

2

On February 7, 2014, defendant pled guilty to voluntary manslaughter and admitted the truth of the criminal street gang sentencing enhancement. As the factual basis for his guilty plea, defendant stated, "In Orange County, California, on March 20th, 2011: I aided and abetted in the unlawful killing of John Doe, without malice. I committed the killing for the benefit of, at the direction of, and in association with Tiny Rascal Gang (TRG) & Hellside with the specific intent to promote, further, and assist in criminal conduct by members of that gang."

Pursuant to the terms of the plea agreement, the trial court sentenced defendant to an aggregate determinate term of 16 years in state prison, consisting of the middle term of six years for voluntary manslaughter and a consecutive 10-year term for the criminal street gang sentencing enhancement. The trial court granted the prosecutor's motion to dismiss all other counts and sentencing enhancement allegations.

In June 2020, defendant, through counsel, filed a petition for resentencing under section 1170.95. The trial court denied the petition: "The petition does not set forth a prima facie case for relief under the statute. A review of court records indicates Defendant is not eligible for relief under the statute because the Defendant does not stand convicted of murder or Defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

Defendant filed a notice of appeal from the order denying his petition for resentencing.

### DISCUSSION

As of June 2020, when the trial court denied defendant's section 1170.95 petition, the law was clear that relief under that section was not available to those convicted of voluntary manslaughter, even if they had been charged with murder but pled guilty to manslaughter. (*People v. Paige* (2020) 51 Cal.App.5th 194, 201-204; *People v.*

3

*Sanchez* (2020) 48 Cal.App.5th 914, 917-920; *People v. Turner* (2020) 45 Cal.App.5th 428, 438; *People v. Flores* (2020) 44 Cal.App.5th 985, 993; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.)

In October 2021, after briefing on the present appeal was completed, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775). (Stats. 2021, ch. 551, § 2.) This legislation, which takes effect on January 1, 2022 (Cal. Const., art. IV, § 8), amends section 1170.95 to permit certain persons convicted of manslaughter and attempted murder to seek relief. Specifically, SB 775 amends the language of section 1170.95 to read, in pertinent part: "A person convicted of . . . manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's . . . manslaughter conviction vacated and to be resentenced on any remaining counts." (Stats. 2021, ch. 551, § 2.) We provided the parties with an opportunity to submit supplemental letter briefs on the effect of this amendment on the present appeal.

Defendant's counsel submitted a supplemental letter brief stating that defendant is now entitled to relief under the statute and that this court should reverse the trial court's order denying his petition.

The Attorney General submitted a thorough supplemental letter brief explaining that, while defendant's potential claim under section 1170.95 is not yet ripe, this court should nevertheless address the merits of the issue in the interests of judicial economy. The Attorney General specifically addressed the issue of the disposition of this appeal, and urged this court to remand the matter to the trial court. The Attorney General reasoned that the trial court can then issue an order to show cause why relief should not be granted, to be followed by a hearing at which the District Attorney may either concede defendant's entitlement to relief, or may seek to prove, beyond a reasonable doubt, that defendant could still be convicted of murder despite the amendments to sections 188, 189, and 1170.95. We agree with the Attorney General's analysis.

Because this appeal will not be final until after the new provisions of section 1170.95 take effect, we remand this matter to the trial court for further proceedings to be held after January 1, 2022.

DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded with directions to proceed in compliance with section 1170.95 after January 1, 2022.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

GOETHALS, J.

5